FILED

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

2012 DEC 31  P 12: 04

| | |
|---|---|
| David Caccia, | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| Edesia LLC, d/b/a Edesia Global | : |
| Nutrition Solutions, | : |
| Defendant | : |

DISTRICT COURT
DISTRICT OF RHODE ISLAND

Case No.
**Jury Trial Requested**

**CA 12- 949 ML**

## COMPLAINT

### Introduction

1. The Plaintiff alleges Edesia LLC, d/b/a Edesia Global Nutrition Solutions, employed him for more than 40 hours each week without paying him overtime wages in violation of the federal Fair Labor Standards Act ("FLSA").  He brings this action seeking his unpaid overtime, statutory damages equal to the amount he was underpaid, and attorney fees and costs.

### Parties, Jurisdiction, Venue

2. The Plaintiff, David Caccia, ("Caccia"), is an adult resident of Glocester, Rhode Island.

3. The Defendant, Edesia LLC, sometimes doing business as Edesia Global Nutrition Solutions, ("Edesia") is a Rhode Island limited liability company with its principal place of business at 847 Royal Little Drive, Providence, Rhode Island.

4. This Court has subject matter jurisdiction over the Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. The conduct complained of in this action, specifically the failure to pay a Rhode Island resident the overtime pay he earned working in Rhode Island for a Rhode Island company, took place in Rhode Island.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2).

## Facts Common to All Counts

7. Unless otherwise noted, the allegations contained in this Complaint refer to the time period between from at least May 1, 2010, through the date this Complaint was filed.

8. Edesia's has, and had, gross annual revenue in excess of $500,000 per year.

9. Edesia manufactures and packages ready-to-eat food products at its facility in Providence, RI.

10. The ingredients in Edesia's products pass to it across state lines into Rhode Island in interstate commerce.

11. Edesia makes its products to sell across state lines in interstate commerce.

12. Edesia ships its products across state lines in interstate commerce.

13. Edesia's employees engage in commerce or in the production of goods for commerce.

14. Edesia's employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

15. Edesia is, and has been, an "enterprise engaged in commerce" within the meaning of 29 USC 203(s)(1)(A).

16. From May 2010, into February 2012, Edesia employed the Plaintiff at its facility in Providence.

17. At all times relevant to this Complaint, Edesia was the Plaintiff's "employer" as that term is defined in 29 U.S.C. § 203(d).

18. At all times relevant to this Complaint, the Plaintiff was Edesia's "employee" as that term is defined in 29 U.S.C. § 203(e).

19. The Plaintiff worked on the manufacturing line at Edesia's facility producing its ready-to-eat food products.

20. The Plaintiff's primary duty was performing manual labor tasks to for the production process.

21. Edesia operated the manufacturing line to meet the orders it received for its products.

22. The number of hours the line operated varied during the Plaintiff's employment, as did the number of hours he worked each week.

23. During his employment, the Plaintiff regularly worked for Edesia for more than 40 hours each week.

24. Edesia' policy was to require or allow the Plaintiff to regularly work more than 40 hours each week.

25. Edesia routinely did not pay the Plaintiff for hours he worked each week in excess of 40.

26. Edesia' policy was not to pay the Plaintiff for the hours he worked on each week in excess of 40.

27. Edesia knew, or in the exercise of due care should and could have known, that federal law required it to pay the Plaintiff for the hours he worked each week in excess of 40 at a rate at least equal to one and one-half (1 ½) times his regular hourly rate.

28. Edesia classified the Plaintiff as exempt from the overtime pay requirements of the FLSA, including 29 U.S.C. § 207(a).

29. Edesia knew, or in the exercise of due care, should and could have known, that the Plaintiff was not exempt from the overtime pay requiremnts of the FLSA.

30. Attached as Exhibit A are records the Plaintiff kept of the hours he worked at Edesia in 2010.

31. From May 2010 to August 2010, the Plaintiff routinely worked 51 to 52 hours or more each week.

32. Attached as Exhibit B are records the Plaintiff kept of the hours he worked at Edesia in 2011.

33. From July 18, 2011 to December 2011, the Plaintiff often worked 49 ¼ to 67 ¼ hours or more each week.

3

34. During the week in July 2010 that included July 4th, Edesia did not operate its manufacturing line and it told the Plaintiff to stay home.

35. Edesia did not operate its manufacturing line because of lack of orders for its products.

36. The Plaintiff was ready, willing and able to work that week.

37. Edesia did not pay the Plaintiff anything for that week.

38. On at least two occasions, the Plaintiff left the manufacturing line to take care of personal business for several hours during a shift Edesia had assigned to him.

39. On both occasions, Edesia reduced his pay because of his absences.

40. Edesia did not pay the Plaintiff on a "salary basis" as that term is defined in FLSA and its implementing regulation including 29 CFR 541.602.

41. Edesia had the financial resources to obtain competent legal advice regarding its obligations under the FLSA.

42. Edesia had the ability to obtain competent legal advice regarding its obligations under the FLSA.

43. At least one person Edesia employed to work on human resources issues told Edesia's senior management that the Plaintiff was not exempt from the overtime requirements of the FLSA.

## Count 1 – Fair Labor Standards Act

44. Edesia's failure to pay the Plaintiff for the hours he worked each week in excess of 40 violated the FLSA, specifically the dictates of 29 U.S.C. § 206(a).

45. Edesia's failure to pay the Plaintiff for the hours he worked each week in excess of 40 at a rate at least equal to one and one-half (1 ½) times his regular hourly rate violated the FLSA, specifically the dictates of 29 U.S.C. § 207(a).

4

46. Edesia's violation of the FLSA was willful and deliberate.

47. The Plaintiff suffered damages as a result of Edesia's violation of the FLSA.

**Wherefore**, the Plaintiff requests this Court grant him the following relief:

a.      An award of unpaid wages and overtime compensation due him under the FLSA, together with an award of liquidated damages equal to the amount of unpaid wages and overtime due him, pursuant to 29 U.S.C. § 216(b);

b.      An award of interest;

c.      An award of costs and expenses of this action together with reasonable attorneys' and litigation expenses pursuant to 29 U.S.C. § 216(b); and

d.      Such other and relief as this Court deems just and proper.

## Jury Demand

The Plaintiff demand a trial by jury.

The Plaintiff,
By Counsel:

John T. Longo, Esq./#4928
Citadel Consumer Litigation, P.C.
681 Smith Street, Suite 201
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com

5